STEPHEN R. HARRIS, ESQ.
Nevada Bar No. 001463
HARRIS LAW PRACTICE LLC
6151 Lakeside Drive, Suite 2100
Reno, NV 89511
Telephone: (775) 786-7600
Facsimile: (775) 786-7764
E-Mail: steve@harrislawreno.com
Attorneys for Plaintiff/Trustee

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF NEVADA

* * * * *

| | |
|---|---|
| IN RE:<br><br>BLUE SUGARS CORPORATION FDBA KL ENERGY CORP, a Nevada corporation<br><br>Debtor.<br>_____/<br><br>W. DONALD GIESEKE, Trustee of the bankrupt estate of BLUE SUGARS CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>PETROBRAS AMERICA, INC., a Delaware corporation; PETROLEO BRASILEIRO S.A. – PETROBRAS,<br><br>Defendants.<br>_____/ | Case No.: BK-13-50937-btb<br>(Chapter 7)<br><br><br>Adversary Case No. _____<br><br><br>**VERIFIED COMPLAINT 1) TO ENFORCE PROPERTY RIGHTS OF THE ESTATE (11 U.S.C. § 541(a) AND 2) FOR INJUNCTIVE <u>RELIEF (11 U.S.C. §105</u>)**<br><br><br>ASC DATE:<br>ASC TIME: |

Plaintiff/Trustee  W. DONALD GIESEKE ("Plaintiff"), Trustee for the Chapter 7 bankrupt estate of BLUE SUGARS CORPORATION, a Nevada corporation, by and through his attorney STEPHEN R. HARRIS, ESQ. of HARRIS LAW PRACTICE LLC, hereby complains and alleges against Defendants PETROBRAS AMERICA, INC., a Delaware

corporation; and PETROLEO BRASILEIRO S.A. – PETROBRAS (collectively, "Defendants"), as follows:

# I

## JURISDICTIONAL STATEMENT

1. Plaintiff is the duly appointed Trustee for the bankrupt estate of BLUE SUGARS CORPORATION, in the above-captioned case under Chapter 7 of the United States Bankruptcy Code. BLUE SUGARS CORPORATION filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code on May 10, 2013 and concurrently therewith, the Court appointed W. Donald Gieseke, as Trustee.

2. BLUE SUGARS CORPORATION formerly conducted business as KL Energy, Corp, a Nevada corporation ("KLE"), which company changed its name to BLUE SUGARS CORPORATION in August 2012.

3. Defendant PETROBRAS AMERICA INC ("PAI"), is a Delaware corporation, conducting business and registered to do business in the states of New York and Texas, with offices located at 10350 Richmond Avenue, Suite 1400, Houston, Texas 77042.

4. Defendant PETROLEO BRASILEIRO S.A. – PETROBRAS ("Petrobras") is a Brazilian corporation organized under the laws of the Country of Brazil, and doing business in the United States. Petrobras is a publicly traded foreign issuer and files regular reports to the Securities and Exchange Commission as required under Rules 13a-16 and 15d-16. Petrobras maintains offices at 570 Lexington Avenue, 43rd floor, New York, New York, 10022

5. This Court has jurisdiction over this Adversary Proceeding and to grant the relief requested herein pursuant to 28 U.S.C. §157(b)(2)(A) and (O), 28 U.S.C. §1334, and Federal Rule of Bankruptcy Procedure 7001, together with the ORDER OF REFERENCE OF BANKRUPTCY CASES AND PROCEEDINGS of the United States District Court for the District of Nevada.

6. Venue is proper in this Court pursuant to 28 U.S.C. §1409.

7. In accordance with LR 7008.1(a), Plaintiff consents to entry of a final order or judgment by the Bankruptcy Court.

## II.

## **GENERAL ALLEGATIONS**

8. Plaintiff realleges and incorporates herein by this reference, the allegations of paragraphs 1 through 7, inclusive, as though fully set forth herein.

9. On August 23, 2010, Blue Sugars Corporation, who was transacting business as KL Energy Corp., entered into a JOINT DEVELOPMENT AGREEMENT ("JDA"), a copy of which is attached hereto as Exhibit A, with Defendant PAI to jointly adapt KLE's plant in Upton, West County, Wyoming, to the use of sugar cane bagasse feedstock and conducting laboratory and pilot plant tests with different enzymes and yeasts, in order to produce anhydrous ethanol (the "Project"). PAI reserved the right to purchase of up to 80% of the total volume of ethanol produced at a price of one cent per liter. PAI also agreed to pay KLE $6,000,000.00 in eight (8) payments over the initial period of the Project, commencing seven (7) business days after the effective date of the JDA and continuing until delivery of the final quarterly report. The JDA further provided for a technology license fee of up to $5,000,000.00 if the Project achieved the specified goals, based on appraisal by a technical consulting firm. The JDA is "construed, enforced and governed in accordance with the laws of Texas, irrespective of any conflict of laws or exclusive jurisdiction provisions in law or equity", a provision that is not controverted by any of the five (5) amendments to the JDA.

10. The JDA was amended five (5) times after execution of the initial JDA. The First Amendment, dated July 1, 2011, attached hereo as Exhibit B, provided for certain modifications in the description of the Project and the summary of performance criteria.

11. The Second Amendment to the JDA dated November 25, 2011, attached hereto as Exhibit C, made provisions based on the fact that KLE had met all performance criteria and called for payments in the amount of $14,667,510.00 to be made by PAI to KLE. The first payment of $6,700,000.00 was due within ten (10) days of execution of the Second Amendment, with an installment of $7,967,510.00 due in two installments following the delivery of the final report. (It should be noted there appears to be a conflict in the documents, as the Exhibits seem to call for a total payout of $8,667,510.00 with the residual amount to be paid to be $1,967,510.00, after payment of the $6,700,000.00)

12. In the Third Amendment to the JDA dated December 20, 2011, attached hereto as Exhibit D, PAI assigned its interest under the JDA to its parent company, Defendant Petrobras. The Fourth Amendment to the JDA, attached hereto as Exhibit E, was executed on December 21, 2011, and made provisions to extend the term in which to execute the Technology Patent License Agreement (TLPA).

13. The TLPA, attached hereto as Exhibit F, was executed by the parties as of April 17, 2012. The TLPA provided Petrobras with an "irrevocable, non-exclusive, sublicensable … right and license under the Licensed Patents and Licensed Know How to practice the Licensed Process in the Licensee Group and to research, develop, make, have made, use, market, offer for sale, sell and/or have sold, import, export, distribute and otherwise exploit and have exploited any Licensed Products." It called for payment of a one-time technology license fee of $5,000,000.00 to be paid to KLE in two installments, with the first installment of $3,500,000.00 due within 20 days after execution of the agreement and the second installment due within 30 days of acceptance by Petrobras of the Final Report.

14. With the Fifth Amendment to the JDA dated August 18, 2012, attached hereto as Exhibit G, the parties extended the term of the JDA to October 12, 2012.

15. On January 31, 2012, KLE invoiced Petrobras the sum of $266,439.92.

16. On July 21, 2012, KLE invoiced Petrobras the sum of $667,510.00.

17. On August 6, 2012, Petrobras paid KLE the sum of $667,510.00.

18. After Petrobras assumed all rights and obligations under the JDA on December 20, 2011, it fully performed all terms and conditions required of it under the JDA and the TLPA, except the final $1,500,000 installment due under the TLPA.

19. Defendant Petrobras' performance and payments under the JDA and the TLPA constitute the maintenance of continuous and systematic contacts with the State of Nevada.

20. That final installment was to be paid "after completion of the solid separation and clear mash fermentation test and achievement of its performance criteria and within thirty (30) calendar days after acceptance by PETROBRAS of the "Final Report – Part 2", as described in Exhibit F-a of the Second Amendment of the JDA". Petrobras refused to pay the final $1,500,000.00 installment due under the TLPA, citing an economic deficiency in the cost

per gallon based on the cost of enzymes used to produce ethanol, even though the enzyme cost had been accepted by Petrobras in the first part of the JDA.

## FIRST CLAIM FOR RELIEF

### Enforcement of Property Rights of Estate (11 U.S.C. §541(a))

21. Plaintiff realleges and incorporates herein by this reference, the allegations of paragraphs 1 through 20, inclusive, as though fully set forth herein.

22. Debtor is owed funds in excess of $1,500,000.00 by Defendants.

23. Plaintiff is entitled to recover the funds owed to Debtor by Petrobras and PAI.

24. Pursuant to 11 U.S.C. §541(a), Plaintiff is entitled to a Judgment against Defendants for the amounts owed.

25. Plaintiff is entitled to an award of his reasonable attorneys' fees and costs as a result of commencing this action, pursuant to 11 U.S.C. §541(a).

## SECOND CLAIM FOR RELIEF

### Injunctive Relief (11 U.S.C. §105)

26. Plaintiff realleges and incorporates herein by this reference, the allegations of paragraphs 1 through 25 inclusive, as though fully set forth herein.

27. Pursuant to 11 U.S.C. §105, Plaintiff seeks a temporary restraining order, a preliminary injunction and permanent injunction enjoining the Defendants, and each of them, from using, transferring to any party other than the Plaintiff, selling, or otherwise dissipating any of the funds owed to Debtor.

WHEREFORE, Plaintiff W. DONALD GIESEKE, Trustee of the bankrupt estate of BLUE SUGARS CORPORATION, prays for judgment against Defendants, and each of them, as follows:

1. For a Judgment awarding the sum of $1,500,000, as and for payment of the account receivable owed by Defendants to the bankrupt estate of Blue Sugars Corporation, pursuant to 11 U.S.C. § 542(a) and (b);

2.  For a temporary restraining order, followed by a preliminary injunction and a permanent injunction, thereby enjoining the Defendants, and each of them, from using, transferring to any party other than the Plaintiff, selling, or otherwise dissipating any of the funds owing Debtor by Defendants.

3.  For an award of Plaintiff's reasonable attorneys' fees and costs incurred herein; and

4.  For such other and further relief as this Court may deem just and proper in the premises.

DATED this 22nd day of August, 2014

        STEPHEN R. HARRIS, ESQ.
        HARRIS LAW PRACTICE LLC
        6151 Lakeside Drive, Suite 2100
        Reno, Nevada  89511
        /s/ *Stephen R. Harris*
        _____
        Attorneys for Plaintiff

**VERIFICATION**

I, W. DONALD GIESEKE, the duly appointed Trustee of the Chapter 7 estate of BLUE SUGARS CORPORATION FDBA KL ENERGY CORP, Plaintiff herein, declare under penalty of perjury that I have read the foregoing VERIFIED COMPLAINT (1) TO ENFORCE PROPERTY RIGHTS OF THE ESTATE (11 U.S.C. §541(a)) and (2) INJUNCTIVE RELIEF (11 U.S.C. §105), and that the contents contained therein are true and correct to the best of my knowledge, information and belief.

Dated this 25th day of August, 2014.

*/s/ W. Donald Gieseke*
_____
W. Donald Gieseke, Chapter 7 Trustee

Harris Law Practice LLC
6151 Lakeside Drive
Suite 2100
Reno, Nevada 89511
(775) 786 7600