STEPHEN R. HARRIS, ESQ.
Nevada Bar No. 001463
HARRIS LAW PRACTICE LLC
6151 Lakeside Drive, Suite 2100
Reno, NV 89511
Telephone:  (775) 786-7600
Facsimile:   (775) 786-7764
E-Mail: steve@harrislawreno.com
Attorneys for Plaintiff/Trustee

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF NEVADA

* * * * *

| | |
|---|---|
| IN RE: | Case No.: BK-13-50937-btb (Chapter 7) |
| BLUE SUGARS CORPORATION FDBA KL ENERGY CORP, a Nevada corporation | Adv. Case No. 14-05046-btb |
|     Debtor. _____/ | Hearing Date: 5/21/15 and Time: 10:00 a.m. |
| W. DONALD GIESEKE, Trustee of the bankrupt estate of BLUE SUGARS CORPORATION, | **Plaintiff's Status Report** |
|     Plaintiff, | |
| vs. | |
| PETROBRAS AMERICA, INC., a Delaware corporation; PETROLEO BRASILEIRO S.A. – PETROBRAS, | |
|     Defendants. _____/ | |

Plaintiff/Trustee   W. DONALD GIESEKE ("Plaintiff"), Trustee for

the Chapter Seven bankrupt estate of BLUE SUGARS CORPORATION, a

Nevada corporation, by and through his attorney STEPHEN R. HARRIS,

HARRIS LAW
PRACTICE LLC
ATTORNEYS AT LAW
6151 Lakeside Dr., Ste. 2100
RENO, NEVADA 89511
(775) 786-7600

ESQ. of HARRIS LAW PRACTICE LLC, hereby files the following status report.

1.    Background

On May 10, 2013 Blue Sugars commenced a bankruptcy proceeding under Chapter Seven of Title Eleven, United States Code. W. Donald Gieseke was appointed as the Chapter Seven Trustee.

On August 26, 2014 the Plaintiff filed the instant adversary complaint against Petrobras America, Inc. (herein Petrobras America) and Petroleo Brasileiro S.A.- Petrobras (herein Petrobras Brazil).

On November 17, 2014 Petrobras America and Petrobras Brazil filed motions to dismiss, DE 10 and 11. On February 24, 2015 the Plaintiff filed his oppositions to the motions, DE 46 and 47.

On March 13, 2015 the Plaintiff entered into a stipulation with Petrobras Brazil to submit the matter to arbitration pursuant to the terms contained in the Joint Development Agreement.

On March 10, 2015 Petrobras America filed its reply to the Plaintiff's opposition to the motion to dismiss, DE 49.

The hearing was held on March 12, 2015. The parties informed the Court of the stipulation between Petrobras Brazil, and the Court continued the hearing on Petrobras America's motion to dismiss to May 21, 2015. The Court requested that authority on the *Stern vs. Marshall* jurisdictional issue be filed with the Court prior to the continued hearing. On April 29, 2015 Petrobras America filed its consent to have the bankruptcy court hear this matter pursuant to LR 7008.1.

2.    Discussion

This is an action to enforce property rights of the estate pursuant to 11 U.S.C. §541(a). This is a core matter under 28 U.S.C.

HARRIS LAW
PRACTICE LLC
ATTORNEYS AT LAW
151 Lakeside Dr., Ste. 2100
RENO, NEVADA 89511
(775) 786-7600

§157(b)(2)(A) - matters concerning the administration of the estate - and 28 U.S.C. §157(b)(2)(E) - orders to turn over property of the estate.

A bankruptcy court may enter final judgment only if the court has both statutory and constitutional authority to do so. *Matter of Galaz* 765 F.3d 426 (5th Cir. 2014)

A bankruptcy court's statutory authority derives from 28 U.S.C. §157(b)(1), which designates certain matters as "core proceedings" and authorizes a bankruptcy court to determine the matters and enter final judgments. As for "non-core" proceedings, 28 U.S.C. §157(c) authorizes a bankruptcy court either to submit proposed findings of fact and conclusions of law to the district court, which are reviewed *de novo,* or to enter final judgment with the parties' consent.

*Stern v. Marshall*, 131 S.Ct. 2594, (2011) did not deal with subject matter jurisdiction under 28 U.S.C. §157. Rather, the issue was whether the referral authorized by 28 U.S.C. §157(a) constitutionally allocates the *authority* to enter final judgments between the bankruptcy court and the district court. *In re Pringle* 495 B.R. 447 (9th BAP 2013) citing *Stern*, 131 S.Ct. at 2607.

In the wake of *Stern*, there are now core, non-core and *Stern* proceedings. *Executive Benefits Ins. Agency v. Arkison*, 134 S.Ct. 2165, 2170 (2014) defined a *Stern* claim as one designated for final adjudication in the bankruptcy court as a statutory matter, but prohibited from proceeding in that way as a constitutional matter.

The *Stern* claim in *Executive Benefits* was a fraudulent conveyance. Such claims bring assets to the estate as opposed to administering the assets that are already there. *Executive Benefits* held that bankruptcy courts do not have the general authority to enter final

HARRIS LAW
PRACTICE LLC
ATTORNEYS AT LAW
151 Lakeside Dr., Ste. 2100
RENO, NEVADA 89511
(775) 786-7600

judgments on fraudulent conveyance claims brought under these statutes.

*Stern* prohibits Congress from vesting a bankruptcy court with the authority to finally adjudicate certain claims. However, the Court did not address how courts should proceed when they encounter a *Stern* claim. The procedure was laid out in *Executive Benefits*. When a bankruptcy court is presented with a *Stern* claim, the proper course is to issue proposed findings of fact and conclusions of law. The district court will then review the claim *de novo* and enter judgment. Id at 2170.

What *Executive Benefits*. did not resolve was whether Article III permits a bankruptcy court, with the consent of the parties, to enter final judgment on a *Stern* claim. Id at Footnote 4.

The issue of consent came before the Seventh Circuit in *Wellness Intern. Network, Ltd. v. Sharif*, 727 F.3d 751, (7th Cir. 2013). The Seventh Circuit held that a litigant may not waive an Article III objection to a bankruptcy court's constitutional authority to enter final judgment in a core proceeding. The Supreme Court has granted Certiorari, but an opinion has not yet been issued. It is hoped that the Court will address whether a bankruptcy court may enter a final judgment on a Stern claim with the consent of the parties.

To summarize, the Plaintiff's claims against Petrobras America are Stern claims. The parties have both consented to this Court entering a final judgment, but at this time it is not clear whether final judgment on a *Stern* claim can be entered where the parties consent. What is clear is that this Court may proceed to hear the case and issue proposed findings of fact and conclusions of law.

HARRIS LAW
PRACTICE LLC
ATTORNEYS AT LAW
151 Lakeside Dr., Ste. 2100
RENO, NEVADA 89511
(775) 786-7600

DATED this 14th day of May, 2015

STEPHEN R. HARRIS, ESQ.
HARRIS LAW PRACTICE LLC
6151 Lakeside Drive, Suite 2100
Reno, Nevada  89511

/s/ *Stephen R. Harris*
_____
Attorneys for Plaintiff

HARRIS LAW
PRACTICE LLC
ATTORNEYS AT LAW
151 Lakeside Dr., Ste. 2100
RENO, NEVADA 89511
(775) 786-7600